**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **ZACHARY CHARLES BAUGHMAN,** individually, **GEORGE SCHMIDT,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**BOTTOM LINE CONCEPTS LLC**, a Florida company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Zachary Charles Baughman ("Baughman" or "Plaintiff Baughman") and Plaintiff George Schmidt ("Schmidt" or "Plaintiff Schmidt") bring this Class Action Complaint and Demand for Jury Trial against Defendant Bottom Line Concepts LLC ("Defendant" or "Bottom Line Concepts"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making unsolicited calls to consumers using a pre-recorded voice message and calls to consumers who registered their phone numbers on the National Do Not Call Registry ("DNC"). and to otherwise obtain injunctive and monetary relief for all persons injured by Defendant's actions. The Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

1.     Plaintiff Baughman is a Greenville, Ohio resident.

2.     Plaintiff Schmidt is a Stuart, Florida resident.

3.     Defendant Bottom Line Concepts is a Florida company headquartered in North Miami Beach, Florida. Bottom Line Concepts conducts business throughout this District, Florida, and the United States.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5.     This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and the wrongful conduct leading to this case was directed by Defendant to the Plaintiffs from this District.

## INTRODUCTION

6.     As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Schmidt v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

8.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

9.     When Congress enacted the TCPA in 1991, it found Americans were receiving more than 18 million calls every day. 105 Stat. 2394 at § 2(3).

10.     By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million calls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

11.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

12.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

13.     According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in April 2023 alone, at a rate of 151.6 million calls per day. www.robocallindex.com. (Last checked May 14, 2023).

14.     The FCC also has received an increasing number of complaints about unwanted calls, with over 150,000 complaints in 2020, and over 160,000 complaints in 2021. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

15.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

16.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

## COMMON ALLEGATIONS

17.     Defendant Bottom Line Concepts provides business consulting services throughout the U.S., including assistance in collecting government employee retention credit (ECR) payments.[3] [4]

18.     Defendant Bottom Line Concepts makes telemarketing calls to consumers to solicit its financial services.

19.     Defendant Bottom Line Concepts makes telemarketing calls to consumers using a pre-recorded voice message without consent.

20.     Consumers have captured and posted pre-recorded voicemails that they received either from or on behalf of Defendant Bottom Line Concepts online which exactly match the voicemails that Plaintiff Baughman and Plaintiff Schmidt received, including:

### Typical Messages

Exciting news Debra Tim has an urgent notice regarding your Grant application. They can provide funding of up to $26,000 per employee for your business. We don't want you to miss out on this opportunity. So please call us back now at 786-936-1984 to speak with a specialist who can guide you through the application process and help you secure the.

▶ ⚪────────────────────────────────

Exciting news that's exciting news. Debra Tim has an urgent notice regarding your Grant application. They can provide funding of up to $26,000 per employee for your business. We don't want you to miss out on this opportunity. So please call us back.

▶ ⚪────────────────────────────────

[5]

21.     Defendant Bottom Line Concepts also makes telemarketing calls to residential telephone consumers whose numbers are registered on the Do Not Call registry, who have never

---

[3] https://www.linkedin.com/company/bottom-line-concepts-llc/about/
[4] https://erc.bottomlinesavings.com/
[5] https://directory.youmail.com/phone/786-936-1984

4

provided their phone number to Defendant, and who never consented to receive phone calls from the Defendant.

22.     Many consumers have posted complaints online regarding unsolicited telemarketing calls that they received from Defendant Bottom Line Concepts, such as:

- "786-936-1984 called 27 April 2023 at 12:36pm. "Exciting news. Debra Tim has an urgent notice regarding your Grant application that can provide funding of up to 26,000 dollars per employee for your business. We don't want you to miss out on this opportunity. Please call us back now at 786-936-1984 to speak with a specialist who can guide you through the application process and help you secure this free grant. This may be your last chance to receive this funding, so don't wait. To get connected with a specialist. Act now to secure your business' financial future.' Total Calls: 19,807; Robokiller User Reports: 125; Total Blocked Texts:18." [6]

- "Once a day sometimes more. No option to opt out." [7]

- "reported and that *my # is on the Do Not Call Registry*. They block their # so you can't call them. No words that I can print for their rudeness and inhumanity."[8] (emphasis added)

- "Scam. They call only one ring and leave a robo voicemail. Called 4 weeks in a row. If you call back it's a fake scam grant for businesses." [9]

- "They call multiple times a day i have asked multiple times to stop and they blocked me from calling in to them but they still call all day i am going to contact the local police dept" [10]

- "Yet another auto-generated robocall re: an "urgent" and "limited-time" offer in order to secure "government" tax benefits for small business owners who had employees during 2020 and 2021" [11]

- "Continues to call multiple times a day. I finally spoke with an actual person and when I asked for the company name, the guy laughed and said "why would I give you my company name? what are you gonna do, report us?". This is so ridiculously out of hand. Do we need a class action lawsuit to get results??" [12]

---

[6] https://www.callercenter.com/786-936-1984.html
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

- "I have asked/demanded to be put on list to never contact but each day I get 1-2-3 robo calls from the number 786-936-1984 and when try to cal it back it goes to unavailable fast busy signal." [13]

- "Leaves a voicemail have number blocked so can't call back on main phone have to use backup called back multiple times telling them to remove my number and they keep calling I am fed up with it and contact me better business bureau on them and everything" [14]

- "Scam. They call only one ring and leave a robo voicemail. Called 4 weeks in a row. If you call back it's a fake scam grant for businesses." [15]

- "That is what they have done to me as well. I asked them to stop calling me but they still call but they blocked me so I cant call them again to ask them not to keep calling Im just going to call the local police dept at this point" [16]

23.     In response to these calls, Plaintiff Baughman and Plaintiff Schmidt bring this case seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF BAUGHMAN'S ALLEGATIONS

24.     Plaintiff Baughman is the subscriber and the sole user of the cell phone number ending with 2984.

25.     Plaintiff Baughman's cell phone number is not associated with a business and is used for personal use only as one would use a landline home phone number.

26.     Plaintiff Baughman has never conducted any business with Defendant Bottom Line Concepts, nor has he given his consent to receive telemarketing calls from or on behalf of Defendant Bottom Line Concepts.

---

[13] *Id.*
[14] *Id.*
[15] https://800notes.com/Phone.aspx/1-786-936-1984
[16] https://www.yelp.com/biz/network-capital-funding-corporation-irvine-3?start=40

27.     Despite not owning a business, Plaintiff Baughman has received multiple calls regarding ERC credits placed by or on behalf of Defendant Bottom Line Concepts.

28.     On April 18, 2023 at 2:05 PM, Plaintiff Baughman received an unsolicited call to his cell phone from Defendant Bottom Line Concepts, from phone number 786-936-1984. The call rang once and went straight to voicemail. A pre-recorded voicemail was left on Plaintiff's cell phone:



29.     Plaintiff believes this voicemail was pre-recorded due to its impersonal nature, scripted nature and because other consumers posted exactly the same pre-recorded voicemail online.

30.     When 786-936-1984 is called, an employee identifies the company name as ERC Concepts and then transfers the caller to a specialist. The specialist identifies the company clearly as Bottom Line Concepts and also indicates that the original employee is also with Bottom Line Concepts.

31.     The unauthorized telephone calls placed by Defendant, as alleged herein, have harmed Plaintiff Baughman in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of his phone line and memory on the phone.

## PLAINTIFF SCHMIDT'S ALLEGATIONS

32.     Plaintiff Schmidt's phone number ending 3246 has been registered on the DNC since February 25, 2006.

33.     Plaintiff Schmidt's cell phone number is not associated with a business and is used for personal use only as one would use a landline home phone number.

34.     Plaintiff Schmidt has never conducted any business with Defendant Bottom Line Concepts, nor has he given his consent to receive telemarketing calls from or on behalf of Defendant Bottom Line Concepts.

35.     Plaintiff Schmidt received an unsolicited call from Defendant Bottom Line Concepts to his cell phone on 650-780-3601 on May 3, 2023. This call was not answered but a pre-recorded voicemail that is almost identical to the voicemail that Plaintiff Baughman received was left on Schmidt's voicemail.

8

36.     On May 4, 2023, Plaintiff Schmidt received a 2nd unsolicited call from Defendant Bottom Line Concepts to his cell phone. This call was answered, and an employee identified the company name as ECR Concepts.

37.     On May 9, 2023, Plaintiff Schmidt received a 3rd unsolicited call from Defendant Bottom Line Concepts to his cell phone. This call was answered and an employee identified the company name as ECR Concepts.

38.     On May 11, 2023, Plaintiff Schmidt received a 4th unsolicited call from Defendant Bottom Line Concepts to his cell phone. This call was answered, and an employee identified the company name as ECR Concepts.

39.     1 hour later, on May 11, 2023, Plaintiff Schmidt received a 5th unsolicited call from Defendant Bottom Line Concepts to his cell phone. Frustrated by the previous unsolicited calls, Schmidt answered the call and was told the company name is ECR Concepts. Schmidt played along to identify the name of the telemarketer calling him and was told that the actual company name is Bottom Line Concepts, located in Miami, Florida. He was also given the website bottomlinesavings.com and phone number 212-668-1111.

40.     The contact details that Plaintiff Schmidt received do match the contact details posted online for Bottom Line Solutions:



**CONTACT US**

Headquarters

📍 3323 NE 163rd Street, Suite 302
North Miami Beach, FL 33160

✉ info@bottomlinesavings.com

📞 (212) 668-1111                    17

41.     The unauthorized telephone calls placed by Defendant, as alleged herein, have harmed Plaintiff Schmidt in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

42.     Seeking redress for these injuries, Plaintiff Baughman and Plaintiff Schmidt, on behalf of themselves and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

## CLASS ACTION ALLEGATIONS

43.     Plaintiffs brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent calling on behalf of the

---

[17] https://www.bottomlinesavings.com/contact-us

Defendant, called more than one time to their residential telephone number, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason that Defendant called Plaintiff Schmidt.

44.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiffs anticipate the need to amend the Class definitions following appropriate discovery.

45.     **Typicality and Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes, all of which received calls from Defendant as part of a single telemarketing campaign, and joinder of all members is impracticable.

46.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant placed pre-recorded voice message calls to Plaintiff Baughman, Plaintiff Schmidt and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b)     whether the Defendant or an agent calling on behalf of Defendant placed multiple calls within a 12-month period to Plaintiff Schmidt and other consumers whose

telephone numbers were registered with the National DNC for at least 30 days at the time of each call;

(c)     whether Defendant made telemarketing calls without first obtaining prior express written consent;

(d)     whether the calls violated the TCPA;

(e)     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47.     **Adequate Representation**: Plaintiff Baughman and Plaintiff Schmidt will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to the Classes.

48.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff Baughman or Plaintiff Schmidt. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated

by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Baughman, Plaintiff Schmidt and the**
**Pre-recorded No Consent Class)**

49.     Plaintiff Baughman and Plaintiff Schmidt repeat and reallege the prior paragraphs of this Complaint and incorporate them by reference herein.

50.     Defendant transmitted unwanted telephone calls to Plaintiff Baughman, Plaintiff Schmidt and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

51.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiffs and the other members of the Pre-recorded No Consent Class.

52.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Baughman, Plaintiff Schmidt and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Schmidt and the Do Not Call Registry Class)**

53.     Plaintiff Schmidt repeats and realleges paragraphs 1-48 of this Complaint and incorporates them by reference herein.

54.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

55.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

56.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff Schmidt and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

57.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Schmidt and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

58.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Baughman and Schmidt individually and on behalf of the Classes, pray for the following relief:

a) An order certifying this case as a class action on behalf of the Classes, as defined above; appointing Plaintiffs Baughman and Schmidt as the representatives of the Classes; and appointing their attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs Baughman and Schmidt request a jury trial.

Respectfully Submitted,

**ZACHARY CHARLES BAUGHMAN**,
individually, **GEORGE SCHMIDT,** individually,
and on behalf of those similarly situated individuals.

DATED this 18th day of May, 2023.

By: /s/ Stefan Coleman

Stefan Coleman
**Coleman PLLC**
66 West Flagler Street
Suite 900
Miami, Florida 33130
law@stefancoleman.com

Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*